IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| J. BRIAN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-5-ALM-KPJ |
| | § | |
| PAUL KEITH LICARI, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff J. Brian Williams's ("Plaintiff") Motion to Support Legal Authority and Entry of Default Judgment (the "Motion") (Dkt. 15). To date, Defendant Paul Keith Licari ("Defendant") has not responded to the summons. *See* Dkt. 6, 8, 9. For the following reasons, the Court recommends the Motion (Dkt. 15) be **DENIED WITHOUT PREJUDICE**.

I.  BACKGROUND

On January 4, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendant. *See* Dkt. 1. Plaintiff provided an address in McKinney, Texas, which falls within the Eastern District of Texas. *See* Dkt. 1 at 1. Plaintiff alleges he published the song, "The Twelve Patches of Christmas Tarkov Style," on October 9, 2019. *See id.* at 6. Plaintiff alleges that he owns the copyright for "The Twelve Patches of Christmas Tarkov Style,"[1] and that he registered this copyright before filing this lawsuit. *See id.* On December 19, 2021, Plaintiff alleges "[Defendant] uploaded The Twelve Days of Tarkmas using lyrics identical and or similar to The Twelve Patches of Christmas Tarkov Style." *Id.* On December 20, 2021, Plaintiff filed a Digital Millennium Copyright Act ("DMCA") request with YouTube based on copyright infringement.

---

[1] Tarkov appears to be a reference to the video game "Escape from Tarkov."

*See id.* Plaintiff asserts that Defendant contacted Plaintiff the same day, telling him that neither of them owned the lyrics to the songs they had respectively published. *See id.* Plaintiff asserts that on December 21, 2021, Defendant emailed Plaintiff a video marking the times that Plaintiff's lyrics were "identical and or similar" in Defendant's song. *Id.* Plaintiff further alleges that on December 26, 2021, Defendant named Plaintiff in a tweet regarding the DMCA dispute, and Plaintiff faced "false downvotes, death threats, . . . and additional public tweets to attempt further harm to [Plaintiff's] sole source of income." *Id.* Plaintiff alleges that he contacted Defendant that night in attempt to reach an amicable agreement, but Defendant did not negotiate regarding the song. *See id.* at 7.

On April 18, 2022, summons was issued to the alleged location of service for Defendant:

> P.O. Box 1099
> Golden Grove South Australia 5125
> Australia

*See* Dkt. 8. On May 12, 2022, summons was reissued for Defendant at the same location. *See* Dkt. 9. On August 1, 2022, Plaintiff requested Clerk's Entry of Default against Defendant (Dkt. 10), which was not entered by the Clerk's Office due to Plaintiff proceeding *pro se*. *See* Dkt. 11. On October 20, 2022, the Court ordered Plaintiff to provide legal authority or evidence supporting the entry of default or to motion the Court to effect service in compliance with the Hague Convention.[2] *See* Dkt. 14 at 3.

On October 31, 2022, Plaintiff filed the Motion (Dkt. 15). In the Motion (Dkt. 15), Plaintiff alleges that on May 12, 2022, the Court's Clerk's office resent the summons as specified in South Australia's Uniform Civil Rules 2020 42.3(1). *See* Dkt. 15 at 1. Plaintiff alleges the summons was

---

[2] The Hague Convention referenced here is the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. "The Convention deals primarily with the expedient transmission of documents [between citizens of its signatory countries]; it does not address or comprise substantive rules relating to the actual service of process." HCCH, Service Section, https://www.hcch.net/en/instruments/conventions/specialised -sections/service (last visited June 30, 2023).

delivered on May 20, 2022. *See id.* Further, Plaintiff alleges that he had an Entry of Default letter notarized and sent to Defendant on August 1, 2022. *See id.* Plaintiff requests the Court enter Default Judgment in his favor, arguing that he properly served Defendant and Defendant has not responded. *See id.*

In support of the Motion (Dkt. 15), Plaintiff includes a copy of YouTube's notification that Defendant filed a counter notification on December 28, 2021. *See* Dkt. 15-1 at 1–7. The counter notification indicates that on December 28, 2021, YouTube notified Plaintiff of this counter notification. *See id* at 1. In the counter notification, Defendant alleges he did not know of Plaintiff's song prior to Plaintiff's copyright strike notification. *Id.* at 1. Defendant also alleges Plaintiff did not dispute the publication of Defendant's song on other platforms, and, thus, Defendant believes that "this is a personal attack on [his] channel." *Id.* Defendant also provides links and time stamps of the Twitch stream showing the creation of his song.[3] *See id.* In addition, Plaintiff includes a copy of the shipment receipt for the re-summons, *see* Dkt. 15-1 at 3, and a copy of the delivery receipt for the same, *see id.* at 7. Plaintiff also includes a copy of the receipt for the notarization of the Entry of Default letter. *See id.* at 5. Finally, Plaintiff includes the Certificate of Registration from the Copyright Office for the lyrics in "Twelve Patches of Christmas Tarkov Style." *See id.* at 6–7.

## II. LEGAL STANDARD

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."

---

[3] Twitch is a livestreaming service often used by players to livestream their playthrough of a videogame to an online audience, allowing the audience to view both the player and the videogame as it is played.

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing FED. R. CIV. P. 55(a)) (emphases omitted)). Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted). "In accord with that policy, '[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Abbott-Pope v. Tex. Recovery Bureau, Inc.*, No. 4:14CV702, 2015 WL 11072130, at *1 (E.D. Tex. June 1, 2015), *R. & R. adopted*, 2015 WL 11072131 (E.D. Tex. July 14, 2015) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The Fifth Circuit has explained that default judgment "puts competing policy interests at play" and the balancing of these interests "lies largely within the domain of the trial judge's discretion." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotations omitted).

### III.   ANALYSIS

#### A. Service of Process

For a federal court to exercise personal jurisdiction over a defendant, the plaintiff must submit evidence that the defendant has been properly served. *See Avitia v. Rodriguez*, No. MO:20-cv-69, 2022 WL 4004796, at *4 (W.D. Tex. July 8, 2022) ("The Court must also confirm [the defendant] was properly served. For a federal court to exercise personal jurisdiction over a defendant, 'the procedural requirement of service of summons must be satisfied.'" (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). Absent proper service, the court lacks the requisite personal jurisdiction over the defendant, and any default judgment entered against the defendant is void. *See id.* (citing *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)).

As Defendant appears to reside in Australia, *see* Dkt. 9, Plaintiff is required to effect service through means authorized under the Hague Convention or an alternative method pursuant to

4

Federal Rule of Civil Procedure 4(f), *see* FED. R. CIV. P. 4(f)(1), (3). *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-cv-463, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018). The United States and Australia are parties to the Hague Convention, which is "'intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.'" *Waraich v. Nat'l Austl. Bank Ltd.*, No. H-18-4069, 2019 WL 1003625, at *3 (S.D. Tex. Feb. 28, 2019) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "'[I]n cases governed by the Hague Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.'" *Id.* at *3 (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017)). Australia has set forth in its Declaration Article 10 that it "does not object to service by postal channels, where it is permitted in the jurisdiction in which the process is to be served. Documents forwarded via postal channels must be sent via registered mail to enable acknowledgement of receipt." Accordingly, Plaintiff must effect service in compliance with the civil procedure rules set forth by South Australia.

South Australia's Uniform Civil Rule 42.3(1) provides that service by post is proper when the following requirements are met:

> (a) it is sent by express post via Australia Post in an envelope to a physical or post office box address.
>
> (b) one of the following applies:
>
>> (i) the recipient has consented to the document or a class of documents encompassing the document being served on the recipient by post sent to that address; . . .
>
> (c) the party on whose behalf the document is to be served has not received and does not receive information suggesting that the address is not being used by the recipient; and

> (d) the sender obtains from Australia Post proof of delivery via Australia Post's online tracking facility showing when the envelope was delivered to that address, provided that the tracking number matches the envelope containing the document that was posted.

*Uniform Civil Rules 2020* (South Australia) 42.3(1) (Austl.).

Plaintiff provided a copy of a delivery receipt indicating the documents had been signed for by Australia Post. *See* Dkt. 15-1 at 4. Plaintiff also provided a copy of the email from YouTube to Plaintiff regarding Defendant's counter notification. *See id.* at 1–2. In the counter notification, Defendant stated that he would "accept service of process from the claimant" and gave the address listed above. *Id.* at 2. Plaintiff has not indicated that he has received information suggesting Defendant does not use the provided address. Finally, the delivery receipt shows the date the documents were delivered to Golden Grove, Australia, and the tracking numbers on the shipping and delivery receipts match. *See id.* at 3–4. All of the requirements for service by post appear to have been met under South Australia's Uniform Civil Rules.

Accordingly, the Court finds Plaintiff has effected service in compliance with the Hague Convention.

### B. Personal Jurisdiction

An action based on copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). While the Fifth Circuit has not directly defined what "may be found" means, "[i]t is well established that, for the purposes of Section 1400(a), a defendant 'may be found' in any district which it is subject to personal jurisdiction." *Tayama v. Riom Corp.*, No. 2:11-CV-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012).

A federal district court "may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir.

2009). The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). "Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 4:17-cv-341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)). Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of 'fair play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citation omitted).

"The extent of the contacts determines whether the court's jurisdiction is specific or general." *Engel v. Hilton Worldwide*, No. H-20-2249, 2020 WL 5441568, at *4 (S.D. Tex. Sept. 10, 2020) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Courts have "general jurisdiction over a nonresident defendant 'to hear any and all claims' if that defendant's contacts with the forum are so 'continuous and systematic' as to render it 'essentially at home' in the forum." *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 560 (S.D. Tex. 2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (emphasis omitted)). "Demonstrating that general personal jurisdiction exists is difficult and requires 'extensive contacts between a defendant and a forum.'" *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

In contrast, "[s]pecific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (per curiam)). Thus, "the defendant's contacts must be more than 'random,

fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[S]pecific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." *Id.* at 499 (citations omitted). Finally, the exercise of such jurisdiction "must be 'fair and reasonable' to the defendant." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021), *cert. denied*, 214 L. Ed. 2d 277, 143 S. Ct. 485 (2022) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

As to default judgment, "a judgement entered without personal jurisdiction is void." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citing *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278 (5th Cir. 1987)); *accord Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018). A district court therefore has the duty to ensure that it has personal jurisdiction before entering a default judgment. *See Sys. Pipe & Supply, Inc.*, 242 F.3d at 324 ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an *affirmative duty* to look into its jurisdiction both over the subject matter and the parties.") (citation omitted) (emphasis added). Furthermore, a dismissal for lack of personal jurisdiction does not operate as an adjudication on the merits and is without prejudice. *See ITL Int'l, Inc. v. Café Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (per curiam) (citations omitted).

Plaintiff's claims are based on copyright infringement. *See* Dkt. 1 at 3, 6. To rule on Plaintiff's request for Default Judgement, the Court must determine if it has personal jurisdiction over Defendant. For the following reasons, the Court finds Plaintiff has not shown that the Court has personal jurisdiction over Defendant and, therefore, cannot enter the requested Default Judgment.

1. *General Jurisdiction*

First, this Court does not have general jurisdiction over Defendant. Defendant does not appear to be a resident of the Eastern District of Texas and, by Plaintiff's assertions, resides in Australia. *See* Dkt. 1 at 1. Defendant's activity, posting a YouTube video that could be viewed in Texas, is not "continuous and systematic" such that Defendant is "essentially at home in the forum." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 341 (5th Cir. 2020) ("A business . . . is not 'at home' in Texas merely because it solicits business from Texans."). Public policy also weighs against finding that the Court has general jurisdiction over Defendant; if Defendant could be haled into court wherever his video is viewed, it follows that any individual who posts on YouTube would face the potentially unreasonable burden of being haled into any court in any state. *See generally Mavrix Photo, Inc. v. Brand Techs.*, *Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011) ("To permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would expose most large media entities to nationwide general jurisdiction.").

Therefore, Plaintiff has not alleged facts that support finding the Eastern District of Texas has general jurisdiction over Defendant.

2. *Specific Jurisdiction*

Second, this Court does not have specific jurisdiction over Defendant. Plaintiff has not provided evidence that Defendant has "minimum contacts" with the Eastern District of Texas to warrant personal jurisdiction. Plaintiff does not allege any facts showing Defendant purposefully directed his conduct toward this forum to affect Plaintiff. Posting a video to YouTube does not purposefully target the Eastern District of Texas. *See Chang v. Virgin Mobile USA, LLC*, No. CIV.A.3:07-CV-1767-D, 2009 WL 111570, at *6–7 (N.D. Tex. Jan. 16, 2009) (finding no personal jurisdiction because "[a]lthough [the plaintiff] felt a tortious effect in Texas . . . [the defendant]

9

did not direct its actions toward Texas."). Although Plaintiff felt the allegedly infringing effects in Texas—i.e., at Plaintiff's residence—Plaintiff's allegations and evidence do not reflect that Defendant intentionally targeted Texas to cause this effect on Plaintiff. *See Brainstorm XX, LLC v. Wierman*, No. 4:21-CV-584-SDJ, 2022 WL 4387858, at *6 (E.D. Tex. Sept. 22, 2022) ("It is not enough that [the plaintiff], creator of the allegedly infringed intellectual property, will suffer injuries in the State.") (citation omitted). Further, Defendant could not reasonably anticipate being haled into federal court in Texas in a controversy over the videos that he posts from Australia and that do not appear directed at Texas. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) ("The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." (citing *Burger King* 471 U.S. at 472)).

Plaintiff has not provided sufficient evidence or allegations that Defendant's posting the video on YouTube targeted Texas. In *Revell v. Lidov*, the Fifth Circuit adopted a sliding scale to test whether a website is interactive enough to grant jurisdiction over parties to a suit:

> A "passive" website, one that merely allows the owner to post information on the internet, is at one end of the scale. It will not be sufficient to establish personal jurisdiction. At the other end are sites whose owners engage in repeated online contacts with forum residents over the internet, and in these cases personal jurisdiction may be proper.

317 F.3d 467, 470 (5th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); s*ee also Mavrix*, 647 F.3d at 1226–27 (holding there was no personal jurisdiction "where a defendant has simply posted information on a[] [passive] Internet Web site which is accessible to users in foreign jurisdictions . . . ") (citation omitted). Here, Defendant posted the video from Australia and Plaintiff was able to access it from the "foreign jurisdiction" of Texas. This action did not target Texas any more than it targeted any other state or country. *See Werner v. Dowlatsingh*, 818 F. App'x 671, 673 (9th Cir. 2020) ("Uploading a video to YouTube

from Canada is no more an act expressly aimed at the United States as a whole than it is at California specifically . . . ."). Thus, Defendant's action of posting the video does not give this Court personal jurisdiction over Defendant.

In the Court's review, Defendant's counter notification also does not grant this Court jurisdiction. In the counter notification, Defendant consented to the jurisdiction of the "district in which YouTube is located." Dkt. 15-1 at 2. First and foremost, YouTube does not reside in the Eastern District of Texas. Therefore, Defendant has not consented to this Court's jurisdiction. Furthermore, this Court is of the opinion that the DMCA counter notification does not show Defendant purposefully directed his actions toward the forum. Rather, Defendant sent the counter notification to YouTube, who then provided Plaintiff a copy. *See generally Project DOD, Inc. v. Federici*, No. CIV. 09-213-P-H, 2009 WL 4910320 (D. Me. Dec. 13, 2009), *R. & R. adopted*, 2010 WL 559115 (D. Me. Feb. 11, 2010) (holding that a DMCA takedown notice did not provide personal jurisdiction in District of Maine). As such, YouTube, a California corporation, does not provide jurisdiction in the Eastern District of Texas for purposes of this suit. *See Doe v. Geller*, 533 F. Supp. 2d 996, 1011 (N.D. Cal. 2008) (recognizing that the counter notification may give the Northern District of California jurisdiction over a foreign defendant "[i]f a defendant relies regularly and consistently on YouTube's takedown procedures.").[4]

Finally, the Court does not have personal jurisdiction because of Plaintiff's own connection to the forum. "[A] plaintiff's connection to the forum state, however significant, cannot give rise to specific jurisdiction." *Cantu v. Geary Cmty. Hosp.*, No. 4:21-CV-820-SDJ-KPJ, 2022 WL 2195800, at *3 (E.D. Tex. Apr. 25, 2022), *R. & R. adopted*, 2022 WL 2195017 (E.D. Tex. June 16, 2022) (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

---

[4] The *Geller* court ultimately held that the Northern District of California did not have personal jurisdiction over the out-of-state Plaintiff and foreign Defendant as it concluded that "[t]he Northern District of California is not an international court of internet law." *Geller*, 533 F. Supp. 2d at 1009.

11

Thus, the Court concludes Plaintiff has not alleged sufficient facts and provided evidence to support finding Defendant has minimum contacts with the Eastern District of Texas that would support personal jurisdiction. Because Plaintiff has not pled sufficient facts to show minimum contacts with the Eastern District of Texas, the Court does not reach the issue of whether exercising jurisdiction would be fair and reasonable to Defendant. *See Clemens*, 615 F.3d at 378 (explaining personal jurisdiction's two prongs as follows: "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice."); *see also Cantu*, 2022 WL 2195800, at *3 (declining to reach the issue of fair play and substantial justice because the plaintiff did not plead facts proving minimum contacts).

  3. *Rule 4(k)(2)*

Finally, Plaintiff has neither invoked nor provided sufficient evidence to assert that the Eastern District of Texas has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). "Rule 4(k)(2) provides for service of process and personal jurisdiction in any district court for cases arising under federal law where the defendant has contacts with the United States as a whole sufficient to satisfy due process concerns and the defendant is not subject to jurisdiction in any particular state." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004) (citing FED. R. CIV. P. 4(k)(2)). Rule 4(k)(2) was adopted in response to the "gap" in federal courts' jurisdiction—a defendant may have sufficient contacts with the United States as a whole to satisfy due process concerns, but if he had insufficient contacts with any single state, he would "not be amenable to service by a federal court sitting in that state." *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 721 (5th Cir. 1996). The Fifth Circuit has explained that Rule 4(k)(2) does not require the plaintiff to show the defendant is not subject to

jurisdiction in any other state, but "[r]ather, so long as a defendant does not concede to jurisdiction in another state, a court may use [Rule] 4(k)(2) to confer jurisdiction." *Adams*, 364 F.3d at 651 (citing *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)). The plaintiff has the "initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability (though no need for 'magic words'), but [the plaintiff] ha[s] no burden to negate jurisdiction in every state." *Nagravision SA*, 882 F.3d at 499.

"The due process required in federal cases governed by Rule 4(k)(2) is measured with reference to the Fifth Amendment," *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 420 (5th Cir. 2001), and a foreign defendant's "contacts satisfy Fifth Amendment due process only in cases where the parties' dispute arose out of or related to those United States contacts, that is, where specific jurisdiction existed," *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 238 (5th Cir. 2022) (en banc), *cert. denied*, 215 L. Ed. 2d 188, 143 S. Ct. 1021 (2023). Thus, courts must consider whether "'(1) [the] defendant has purposefully directed its activities at residents of the [the United States as a whole], (2) the claim arises out of or relates to the defendant's activities with the [United States as a whole], and (3) assertion of personal jurisdiction is reasonable and fair.'" *Bluestone Innovations Tex., L.L.C. v. Formosa Epitaxy Inc.*, 822 F. Supp. 2d 657, 663 (E.D. Tex. 2011) (quoting *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009)).

In the present case, Plaintiff's claims arise under federal law and, as discussed above, Plaintiff is not required to affirmatively show that no court in the United States has general jurisdiction. *See Adams*, 364 F.3d at 651. However, Plaintiff does not assert Defendant purposefully directed his actions towards the United States or targeted individuals in the United States as a whole. *See United States ex rel. Reddell*, No. 1:14-CV-86, 2019 WL 12875442, at *6 (E.D. Tex. Mar. 1, 2019) ("A nonresident defendant purposefully avails itself of the benefits and

13

protections of a forum by taking 'purposeful and affirmative action' inside or outside of the forum that has reasonably foreseeable consequences within the forum." (quoting *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 382 & n.6 (5th Cir. 2003))); *c.f. Viahart, LLC v. Does 1-54*, No. 6:18-CV-604-RWS-KNM, 2022 WL 4138590, at *10 (E.D. Tex. July 18, 2022), *R. & R. adopted*, 2022 WL 4137278 (E.D. Tex. Sept. 12, 2022) (finding the plaintiff made a prima facie showing that the defendant purposefully availed itself of the United States as a whole because the plaintiff asserted the defendant targeted consumers in the United States with advertising, offered shipping to the United States, and sold the infringing products to consumers in the United States). As it is Plaintiff's burden to make a prima facie showing that there are sufficient contacts with the United States as a whole, the Court cannot find that it has personal jurisdiction under Rule 4(k)(2).

### 4. Conclusion

For the preceding reasons, the Court finds Plaintiff has not sufficiently alleged facts to show there is personal jurisdiction over Defendant for entry of default judgment. As the Court has raised the issue of personal jurisdiction *sua sponte*, as is required for entry of default, it must afford Plaintiff the opportunity to present any available evidence supporting the Court's jurisdiction. *See Sys. Pipe & Supply, Inc.*, 242 F.3d at 325 ("When the district court raises the issue of personal jurisdiction *sua sponte*, the court should allow the plaintiff a reasonable opportunity to present any available evidence supporting the court's jurisdiction."). Accordingly, the Court recommends Plaintiff be given thirty days following entry of the Memorandum Adopting the Report and Recommendation, if any, to submit to the Court evidence supporting the Court's personal jurisdiction over Defendant.

### IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's Motion (Dkt. 15) be **DENIED WITHOUT PREJUDICE**. The Court further recommends that, Plaintiff be ordered to submit

any evidence supporting the Court's jurisdiction over Defendant on or before thirty (30) days of a Memorandum Adopting the Report and Recommendation, if any.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 1st day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE